IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Tim Johnson, R-54458 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12-cv-1098-GPM |
| ) | |
| C.O. MAULDING, LT. BROWDER, ) | |
| C.O. BRISCOE, C.O. STEWART ) | |
| LT. SULLIVAN et al, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

Plaintiff, Tim Johnson, is currently incarcerated at Pontiac Correctional Center and is serving a six year sentence. He has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants, sixteen correctional officers and a nurse. All Defendants are employed at Big Muddy Correctional Center. Plaintiff's complaint (Doc. 1) alleges Defendants violated his constitutional rights by discriminating against him for being homosexual, transsexual and mentally disabled.

Plaintiff states that on August 19, 2011, he received disciplinary tickets from Defendants Maulding and Browder for being in the dayroom. On the same day, Defendants Maulding and Briscoe wrote Plaintiff another ticket for hiding and abetting. On August 19, 2011, Defendants Stewart and Sullivan wrote Plaintiff up for disobeying direct orders.

Plaintiff pleads no facts regarding the remaining twelve defendants. Plaintiff cites several statutes and various cases, but fails to a make a single reference as to how the remaining twelve Defendants violated the Constitution. Plaintiff simply makes bald assertions that all

1

unfavorable actions toward him are discriminatory and harassing because he is gay, transsexual and mentally disabled.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has failed to articulate a colorable claim against *any* Defendant.

Plaintiff disagrees with the disciplinary tickets he received from Defendants. However, allegations of false disciplinary reports fail to state a claim when the procedural due process requirements were previously afforded to the plaintiff. *See Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984). While it is true that prisoners have the right to be free from arbitrary actions by prison officials, the "protections against such action are the procedural requirements of disciplinary actions." *McKinney v. Meese*, 831 F.2d 728, 733 (7th Cir. 1987).

Plaintiff fails to plead any facts that he did not receive due process in the way his disciplinary tickets were handled. Given the dearth of facts pleaded with respect to due process, Plaintiff has failed to state a claim for relief here. The claims against Defendants Maulding, Browder, Briscoe, Stewart and Sullivan shall be **DISMISSED with prejudice**.

Although Plaintiff names the remaining twelve Defendants in the caption of the complaint, he fails to list them elsewhere in his complaint. The Court is unable to ascertain what claims, if any, Plaintiff has against these Defendants.

The Court is always mindful that it must give liberal construction to complaints, especially for plaintiffs proceeding *pro se*. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*,

355 U.S. 41, 47 (1957)).  When a defendant is named in the caption, but not referenced within the body of the complaint, the defendant is not adequately put on notice of which claims in the complaint, if any, are directed against her.  Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").  Accordingly, Defendants Kline, East, Risley, McBride, Elliot, Finney, Harris, Gill, Taylor, Butler, and Valdez are **DISMISSED** from this action **with prejudice**.

**Pending Motions**

Plaintiff's pending motion to appoint counsel (Doc. 3) is **DENIED as MOOT**.

**Disposition**

The Clerk of the Court is **DIRECTED** to change the spelling of Lt. Brewster to "Browder and Defendant Riley to "Risley" in the caption of this matter.

The entire action and all claims against Defendants for Fifth, Eighth, and Fourteenth Amendment violations fail to state a claim upon which relief can be granted and are **DISMISSED with prejudice**. All Defendants shall be **DISMISSED with prejudice**.

Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of **28 U.S.C. § 1915(g)**.  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).The Clerk of the Court is **DIRECTED** to close this case on the Court's docket.

**IT IS SO ORDERED.**

DATED: January 9, 2013                                                              /s/ *G. Patrick Murphy*
                                                                                                    G. PATRICK MURPHY
                                                                                                    United States District Judge